## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICHARD F. NORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| THE WASHINGTON POST COMPANY, | ) |
| n/k/a GRAHAM HOLDINGS COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Washington Post Company n/k/a Graham Holdings Company ("Defendant") hereby files this Notice of Removal of this case from the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-004924 Division 21, where it is currently pending, to the United States District Court for the Southern District of Florida. A copy of the Complaint served on Defendant is attached hereto as Exhibit 1.

This case is removable pursuant to 28 U.S.C. § 1331, in that the claims made by Richard F. North ("Plaintiff"), in whole or in part, arise under and are completely preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction. (*See, e.g.,* Compl. ¶ 1.) This case is also removable pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction, because there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds the jurisdictional minimum.

Defendant shows the Court as follows:

1. On or about March 13, 2017, Plaintiff initiated this action in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-004924 Division 21.

2. Defendant first received a copy of the Summons and Complaint on or about March 20, 2017, when Plaintiff served Defendant through CT Corporation System with a copy of the Summons and Complaint. A true and correct copy of all process, pleadings and orders as served by Plaintiff is attached hereto as Exhibit 1 and incorporated herein by reference.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty (30) days after service of the summons and the Complaint on which the aforesaid action is based.

4. The United States District Court for the Southern District of Florida is a federal judicial district embracing the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-004924 Division 21, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§89 and 1441(a).

## FEDERAL QUESTION

5. Plaintiff is claiming an entitlement to health insurance benefits on ERISA-regulated benefits. (See, e.g., Compl. ¶ 1.) The disability benefits referred to in Plaintiff's Complaint are provided pursuant to an ERISA-governed welfare benefit plan sponsored by the Defendant. (Compl. ¶ 5). Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims are related to and connected with ERISA-governed benefit plans. Plaintiff's claims, in whole or in part, come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

6. The Supreme Court has recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, et seq., is one area where Congress intended to "occupy the field," thus providing for complete or "super" preemption of state law claims, irrespective of the absence of an explicit federal claim pled on the face of the complaint. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987). Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original and/or exclusive jurisdiction over such claims, without respect to the amount in controversy or the citizenship of the parties. Thus, this civil action is one over which this Court has original and/or exclusive jurisdiction and it is one that may be removed to this Court by Defendant.

7. The disability benefits referred to in Plaintiff's Complaint are provided pursuant to an ERISA-governed welfare benefit plan sponsored by the Defendant.

## DIVERSITY OF CITIZENSHIP

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendant, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

9. Plaintiff is a resident of the state of Florida. (Compl. ¶ 2.)

10. Defendant is incorporated in the state of Delaware with its headquarters in the Commonwealth of Virginia.

11. Because the amount in controversy is in excess of $75,000, and there is complete diversity of citizenship between the Parties, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

12. A copy of this Notice of Removal is being filed with the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-004924 Division 21, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. The allegations of this Notice are true and correct and this case is removable to the United States District Court for the Southern District of Florida.

**WHEREFORE,** Defendant, by and through its counsel, and through the filing of this Notice of Removal, is hereby giving written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-17-004924 Division 21, effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 10th day of April, 2017.

Respectfully submitted,

/s/ Christopher C. Marquardt, Esq.
Christopher C. Marquardt, Esq.
ALSTON & BIRD LLP
Florida Bar No. 0102466
1201 West Peachtree Street
Atlanta GA 30309
(404) 881-7827 direct
(404) 253-8741 fax
chris.marquardt@alston.com

                                      Patrick C. DiCarlo
(*Pro Hac Vice* Pending)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta GA 30309
(404) 881-4512 direct
(404) 253-8571 fax
Pat.dicarlo@alston.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have, on April 10, 2017, served Plaintiff's counsel with a true and correct copy of the within and foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** via U.S. Mail, addressed as follows:

> G. William Allen, Jr.
> 303 SW 6th Street, Penthouse West
> Fort Lauderdale, FL 33315

> */s/ Christopher C. Marquardt, Esq.*
> Christopher C. Marquardt, Esq.